# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/19/2022
CT Log Number 541428988

**TO:**   Kristina Ciaffi
OTIS ELEVATOR COMPANY
ONE CARRIER PLACE
FARMINGTON, CT 06032-2572

**RE:**   **Process Served in Georgia**

**FOR:**   Otis Elevator Company  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JACQUELINE LOPEZ-DREWERY // To: Otis Elevator Company |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22C02155S1 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/19/2022 at 13:55 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Donyale Stewart  donyale.stewart@otis.com |
| | Email Notification,  Kristina Ciaffi  kristina.ciaffi@otis.com |
| | Email Notification,  Brenda Morton  brenda.morton@otis.com |
| | Email Notification,  Maria Osusa  maria.osusa@otis.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

IN THE STATE COURT OF GWINNETT COUNTY

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-02155-S1**
**4/15/2022 4:11 PM**
**TIANA P. GARNER, CLERK**

STATE OF GEORGIA

Jacqueline Lopez-Drewery

2280 Satellite Blvd, Ste. 100, Bldg. A

Duluth, GA 30097

CIVIL ACTION
NUMBER:_____

22-C-02155-S1

PLAINTIFF

VS.

OTIS Elevator Company

c/o CT Corporation System
289 S. Culver Street

Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Adam H. Long, Esq.
2280 Satellite Blvd, Ste. 100, Bldg. A
Duluth, GA 30097

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

18th day of April, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-02155-S1**
**4/15/2022 4:11 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JACQUELINE LOPEZ-DREWERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. |
| | ) | 22-C-02155-S1 |
| OTIS ELEVATOR COMPANY, | ) | |
| JOHN DOES 1-3, ABC Corp., and | ) | |
| XYZ Corp. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

COMES NOW, Jacqueline Lopez-Drewery, Plaintiff in the above-styled civil action (hereinafter "Plaintiff") and hereby files this Complaint for Damages against Otis Elevator Company (hereinafter "Defendant" or "Otis"), John Does 1-3, ABC Corp., and XYZ Corp. showing this honorable Court as follows:

1.

Otis Elevator Company is a foreign for-profit corporation organized under the laws of the State of Connecticut, with its principal place of business located at One Carrier Place, Farmington, Connecticut 06032.

2.

Defendant Otis is registered to transact business in the State of Georgia.

3.

Defendant Otis' registered agent for service of process is CT Corporation System and it may be served at 289 S. Culver Street, Lawrenceville, Georgia 30046.

1

4.

Defendant is subject to the jurisdiction of this Court.

5.

Venue in this Court is proper pursuant to Ga. Const. Art. VI, §2 part VI and O.C.G.A. §14-2-510.

6.

John Does 1-3 are unknown individuals responsible for the installation, design, maintenance, general upkeep, or were otherwise responsible for the elevators located in the Exhibition Hall of the Georgia Institute of Technology at 460 4th Street, Atlanta, Georgia 30313 on or about August 20, 2020.

7.

ABC Corp. is an unknown affiliated, subsidiary, partner, or joint venturing entity responsible for the installation, design, maintenance, general upkeep, or was otherwise responsible for the elevators located in the Exhibition Hall of the Georgia Institute of Technology at 460 4th Street, Atlanta, Georgia 30313 on or about August 20, 2020.

8.

XYZ Corp. is an unknown affiliated, subsidiary, partner, or joint venturing entity responsible for the installation, design, maintenance, general upkeep, or was otherwise responsible for the elevators located in the Exhibition Hall of the Georgia Institute of Technology at 460 4th Street, Atlanta, Georgia 30313 on or about August 20, 2020.

9.

Upon discovery of the identities of John Does 1-3, ABC Corp., and/or XYZ Corp. they may be substituted as a party defendant in this action.

10.

At all times material and relevant herein, Defendant maintained, serviced, and operated the elevators located at the Exhibition Hall, 460 4th Street, NW, Atlanta, Georgia 30313

11.

This Court has jurisdiction over the parties and the subject matter of this litigation.

12.

Venue and jurisdiction are proper in this Court.

## **BACKGROUND**

13.

On or about August 20, 2020, Plaintiff Jacqueline Lopez-Drewery sustained substantial injuries while she was employed on the premises of the Exhibition Hall, which is located on the campus of the Georgia Institute of Technology at 460 4th Street, NW, Atlanta, Georgia 30313 (hereinafter referred to as "the premises").

14.

At approximately 3:00 p.m., Plaintiff entered the elevator on the ground floor of the building and activated the floor direction button to go to the second floor.

15.

The elevator was not overloaded.

16.

As the elevator reached the second floor, it suddenly and without warning experienced a catastrophic failure and fell at speed to the floor below.

3

17.

As a result of this failure Plaintiff experienced severe force on her body and was violently thrown about the interior of the elevator.

18.

The elevator was in service and Plaintiff received no warning that there was any mechanical problem with it.

19.

Plaintiff had no warning whatsoever that the elevator would fail before entering.

20.

Plaintiff had no opportunity to exit the elevator before it failed.

21.

Plaintiff did nothing to cause or contribute to the failure of the elevator.

## COUNT I:

## BREACH OF COMMON CARRIER DUTY OF EXTRAORDINARY CARE

22.

Plaintiff re-alleges and incorporates the preceding paragraphs as if stated verbatim herein below.

23.

Georgia law imposes a duty on the carriers of passenger to exercise extraordinary care to protect the lives and persons of their passengers. O.C.G.A. § 46-9-132.

24.

Defendant Otis was a "common carrier" with respect to the subject elevator and its passengers like Plaintiff.

4

25.

Defendant Otis owed a duty of extraordinary care for the safety and protection of passengers in the subject elevator, including Plaintiff.

26.

Defendant Otis breached this duty of extraordinary care by failing to prevent the failure described herein.

27.

As a direct and proximate cause of this breach of duty, Plaintiff Lopez-Drewery sustained substantial injuries.

28.

No other individual or entity caused or contributed to Plaintiff's injuries.

29.

Defendant's breach of the duty of care and resulting cause of personal injury to Plaintiff constitutes a tortious act for which Plaintiff is entitled to compensation from Defendant.

30.

No act or omission from any other party caused or contributed to Plaintiff's injuries described herein.

## COUNT II:

## NEGLIGENCE

31.

Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth verbatim herein below.

5

32.

Defendant Otis committed additional acts and omissions which constitute a breach of the duty of care announced in the preceding paragraph and would indeed amount to a breach of ordinary care all individuals and entities owe for the safety of others.

33.

Defendant Otis was otherwise negligent by:

(a) Failing to properly maintain, inspect, service, and repair the subject elevator;

(b) Failing to establish, implement, enforce, or follow appropriate policies and procedures with respect to the subject elevator and the premises;

(c) Failing to properly hire, retain, train, and supervise their respective employees, agents, customers, and representatives with respect to the subject elevator and the premises;

(d) Failing to warn potential passengers of the subject elevator and visitors to the premises of the unreasonably dangerous condition of the elevator; and,

(e) Failure to properly design, build, and install the subject elevator.

34.

As a direct and proximate result of these acts of negligence the subject elevator failed while transporting Plaintiff causing her to be seriously injured.

35.

Defendant's breach of the duty of care and resulting cause of personal injury to Plaintiff constitutes tortious acts for which Plaintiff is entitled to compensation from Defendant.

## COUNT III:

## NEGLIGENCE PER SE

### 36.

Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth verbatim herein below.

### 37.

Defendant Otis is required to comply with statutes, rules, and regulations governing the use, operation, installation, construction, maintenance, inspection, and repair of elevators like the subject elevator on the premises. O.C.G.A. § 8-2-1000, et seq., Ga. Comp. R. & Regs. § 120-3-25.01, et seq.

### 38.

Defendant Otis' failure to comply with these statutes, rules, and regulations constitutes negligence *per se*.

### 39.

As described herein above, Defendant's breach of applicable duties of care and acts of negligence were the direct and proximate cause of personal injuries sustained by Plaintiff as described herein.

### 40.

Defendant's breach of the duty of care and resulting cause of personal injury to Plaintiff constitutes tortious acts for which Plaintiff is entitled to compensation from Defendant.

## COUNT V:

## BAD FAITH IN THE TRANSACTION

41.

Plaintiff re-alleges and incorporates the preceding paragraphs as if stated verbatim herein below.

42.

Defendant has acted in bad faith, have been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.  Accordingly, Plaintiff is entitled to an award representing the amount of her attorneys' fees, costs, and expenses of litigation pursuant to  O.C.G.A. §13-6-11 and other applicable law.

43.

Defendant's intentional or reckless conduct toward Plaintiff described herein constitutes bad faith.

44.

Defendant knew or should have known that the elevator at issue located in a prominent public building being utilized to transport numerous people every day posed a high risk of injury if not properly inspected, installed, repaired, or otherwise maintained.

45.

Acting in conscious disregard and with reckless abandon, Defendant's acts and omissions not only resulted in tremendous physical pain for Plaintiff but placed her in terror and tremendous anxiety.

46.

Defendant's further refusal to redress Plaintiff's injuries requiring the instant action constitute stubborn litigiousness.

## **DAMAGES**

47.

Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth verbatim herein below.

48.

As a result of Defendant's negligent acts and omissions as described herein, Plaintiff was seriously injured.

49.

Defendant negligently caused the injuries to Plaintiff and its negligence was the only negligence that proximately caused and contributed to Plaintiff's injuries and damages alleged herein.

50.

Plaintiff has suffered substantial physical and mental pain and suffering, and Plaintiff, in the future, will endure substantial mental and physical pain and suffering.

51.

As a direct and proximate result of Defendant's acts and omissions, Plaintiff has incurred medical expenses and lost wages, including, but not necessarily limited to, the following:

| | |
|---|---|
| Grady Memorial Hospital | TBD |
| Rockdale Family Practice | $ 2,723.00 |
| Resurgens Orthopaedics | $34,946.00 |
| Barber Orthopedics | TBD |
| Lost Wages | TBD |
| **Total** | **$37,669.00** |

9

52.

Plaintiff's damages are ongoing and may be permanent in nature.

53.

Plaintiff is entitled to recover such further and additional compensatory, general and special damages as may be proven at trial.

WHEREFORE, Plaintiff prays for the following relief:

(a)   That summons issue requiring Defendants to appear as provided by law to answer this Complaint;

(b)   That Defendants be timely served with process;

(c)   That Plaintiff has a trial by jury of twelve on all issues and claims;

(d)   That judgment be entered against Defendants for Plaintiff's compensatory, special damages permitted under Georgia law and outlined in Paragraph 51 totaling at least $37,669.00;

(e)   That judgment be awarded for all general and other appropriate damages as the enlightened conscience of an impartial jury determines those damages to be;

(f)   That judgment be entered for an award of the amount of reasonable attorneys' fees and litigation expenses incurred by Plaintiff;

(g)   That all costs be cast against Defendants; and

(h)   For such other and further relief as the Court shall deem just and appropriate.

This 15th day of April, 2022.

Respectfully submitted by,
**BURROW & ASSOCIATES, LLC**.

*/s/ Adam H. Long*
Adam H. Long
Georgia Bar No: 141213
Joshua M. Samuels
Georgia Bar No: 504086
Attorneys for Plaintiff

2280 Satellite Blvd.,
Bldg A., Suite 100
Duluth, GA 30097
P: (678) 942-8640
F: (678) 745-0412
adam.long@legalatlanta.com
joshua.samuels@legalatlanta.com

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-02155-S1
4/15/2022 4:11 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JACQUELINE LOPEZ-DREWERY,       )
                                )
       Plaintiff,               )
                                )        CIVIL ACTION FILE
v.                              )        NO.
                                )
OTIS ELEVATOR COMPANY,          )            22-C-02155-S1
JOHN DOES 1-3, ABC Corp., and   )
XYZ Corp.                       )
                                )
       Defendants.              )

## NOTICE OF CONSENT TO ELECTRONIC SERVICE

TO: OTIS Elevator Company:

In conformity with O.C.G.A. § 9-11-5(f)(1)(A), the undersigned counsel of record, a member of the law firm of Burrow & Associates, LLC, hereby notifies the court and all other parties of consent to being served with **Statutory Electronic Service** of pleadings, discovery and other legal notifications at the following e-mail address:

service@legalatlanta.com

The undersigned will not accept service at any other e-mail address.  It is also requested that routine communications regarding scheduling and general correspondence would continue to be sent to the e-mail of lead counsel and his/her staff.

Respectfully submitted by,

BURROW & ASSOCIATES, LLC


*/s/Adam H. Long*
Adam H. Long
Georgia Bar No: 141213
Joshua M. Samuels
Georgia Bar No: 504086
Attorneys for Plaintiff

2280 Satellite Blvd.
Bldg. A, Suite 100
Duluth, GA 30097
Phone: (678) 942-8640
Fax:    (678) 745-0412

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-02155-S1**
**4/15/2022 4:11 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JACQUELINE LOPEZ-DREWERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. |
| | ) | |
| OTIS ELEVATOR COMPANY, | ) | 22-C-02155-S1 |
| JOHN DOES 1-3, ABC Corp., and | ) | |
| XYZ Corp. | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that on April 15, 2022, I have this date served a copy of the within and foregoing *Plaintiff's First Interrogatories, Request for Admissions, and Request for Production of Documents to Defendant OTIS Elevator Company* upon all parties by service of private process addressed as follows:

OTIS Elevator Company
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

BURROW & ASSOCIATES, LLC

*/s/ Adam H. Long*
Adam H. Long
Georgia Bar No: 141213
Joshua M. Samuels
Georgia Bar No: 504086
Attorneys for Plaintiff

2280 Satellite Boulevard
Bldg. A, Suite 100
Duluth, GA 30097
Phone: (678) 942-8640

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JACQUELINE LOPEZ-DREWERY,       )
                                )
        Plaintiff,              )
                                )       CIVIL ACTION FILE
v.                              )       NO. 22-C-02155S1
                                )
OTIS ELEVATOR COMPANY,          )
JOHN DOES 1-3, ABC Corp., and   )
XYZ Corp.                       )
                                )
        Defendants.             )

## PLAINTIFF'S FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT OTIS ELEVATOR COMPANY

PLEASE TAKE NOTICE that pursuant to O.C.G.A. § 9-11-33 and O.C.G.A. § 9-11-34, you are required to answer these interrogatories under oath and to serve a copy of your *verified* answers on the undersigned attorneys for Plaintiff within forty-five (45) days from the date these interrogatories are served on you with the Summons and Complaint.

These interrogatories and requests for production are continuing in nature and require you to file supplemental answers setting forth any information that you, your agents, attorneys, or representatives may acquire that affect the accuracy or completeness of the answers originally provided.

You are required to answer each interrogatory separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not constitute a valid reason for failing to answer each interrogatory as fully as possible. The omission of any name, fact, or other item of information from the answers shall be deemed a representation that

the name, fact, or item was not known to you, your counsel, or other representative at the time of service of the answers.

**NOTE:** Pursuant to U.S.C.R. 5.5(1) if **any** materials or information are withheld on a claim of privilege the party so asserting must (a) expressly make the claim of privilege and (b) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess such claim. Further, any assertion of sequestration of materials you have produced must be specifically noted pursuant to the terms of U.S.C.R. 5.5(2) or it is waived.

## DEFINITIONS

(a)   "You" or "Your" means the named defendant in this action, or any employees, contractors, or agents acting on your behalf for the purposes covered by these Interrogatories.

(b)   "Identify" means that:

   (1)   With respect to a natural person, the answer shall state the person's name and present or last known home address, including street name and number, city or town, state, zip code and telephone number. Once a person has been thus identified, it shall be sufficient when again identifying that person merely to state his or her name;

   (2)   With respect to a person other than a natural person, the answer shall state the person's full name and type of organization, the address of its principal place of business, including street name and number, city and town, state, zip code and telephone number, and the jurisdiction and place of its

incorporation and organization.  Once a person has been thus identified, it shall be sufficient when again identifying that person to state its full name only;

(3)    With respect to a document, the answer shall state the type of document (e.g., insurance policy, business record, letter, memorandum, handwritten note, list, report, transcript of testimony), its date, title and contents, the identification of the person who prepared the document, each person for whom it was created, and each person who has possession, custody or control over each document and any copy of it. If any document was but is no longer in Defendant's possession, custody or control, then the answer shall state the disposition that was made of the document, the reason for such disposition, and the date thereof.

(c)    "Person" means any natural person, corporation, partnership, unincorporated association, or legal entity.

(d)    "Document" means the original or any copy of any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed, graphic, photographic or electronic) matter of any kind or nature and shall include, without limiting the generality of the foregoing all letters, telegraphs, correspondence, contracts, agreements, notes, reports, memoranda, mechanical or electronic sound recordings or transcripts thereof, memoranda of telephone personal conversations or of meetings or conferences, meeting minutes, studies, reports, analyses, interoffice communications, books of account, ledgers, work sheets, vouchers, receipts, canceled checks, money orders, invoices, purchase orders, and bills of any nature

whatsoever.  In lieu of identifying a document, you may attach a copy of it to your answers to these interrogatories.

(e)     "Employer", unless otherwise indicated, means any person or entity that hired you to perform a service under an express or implied agreement.

(f)     "Incident" means the incident described in Plaintiff's Complaint that occurred in the elevator located in the Exhibition Hall at 460 4th Street, Atlanta, Georgia 30313.

## I.     BACKGROUND INFORMATION

1.

Please state the full legal name, title of employment, employer, and business address and telephone number of each individual providing responses to these Interrogatories on behalf of Defendant Otis, and confirm that the individual(s) are authorized to provide a binding response on behalf of the company.

2.

Please state the full legal name, title of employment, employer, and business address and telephone number of each individual or full legal name of incorporation as well as the trade name of any entity who installed the elevators located in the Exhibition Hall at 460 4th Street, Atlanta, Georgia, 30313.

3.

Please state the full legal name, title of employment, employer, and business address and telephone number of each individual or full legal name of incorporation as well as the trade name of any entity with a valid Certificate of Authority issued by the Georgia Office of the Insurance Safety and Fire Commissioner charged with responsibility to inspect and/or maintain the elevators

located at the Exhibition Hall at 460 4th Street, Atlanta, Georgia, 30313 from the date of their installation until January 1, 2022.

4.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents in your possession demonstrating the Certificates of Authority and all applications and supporting documentation required to obtain the same identified in the previous request.

5.

Does any primary, excess or umbrella insurance policy, agreement or bond exist under the terms of which the person or company issuing the same may be called upon to satisfy all or part of any judgment which may be entered in favor of the Plaintiff in this action?  If you answer in the affirmative, please provide the following for each policy:

    (a) The name and address of the insurer;

    (b) The legal names of each and every party to the agreement itself, including named insureds, and to any further or subordinate agreement which in any way relates to the terms of any such agreement;

    (c) The policy limits, deductible and self-insured retention amount; and

    (d) The names of all insureds under the policy or agreement.

    (e) State whether there have been any coverage disputes, coverage denials, coverage objections, notices for reservation of rights, or other notices/letters/communications affecting, or potentially affecting, the coverages provided by the policy. **NOTE**:  You are required by law to provide the requested insurance information pursuant to: *O.C.G.A. § 9-11-26(b)(2)*(insurance

agreements relating to a Defendant's insurance coverage are discoverable); *O.C.G.A. § 15-12-135 (a)*(information relevant for the qualification of potential jurors); Ford Motor Co. v. Conley, 2014 Ga. LEXIS 131 (Ga. Supreme Court, Case No. S13A1601, Feb. 24, 2014); and other applicable law. Note also that it is improper for a defendant to fail to list the defendant's insurers under a purported excuse that defendant has sufficient resources to satisfy or cover any judgment rendered in the case. Ford Motor Co. v. Conley, supra.

6.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents, records and tangible materials demonstrating the existence of insurance or bond that may cover or pertain to the claims made in this action. NOTE:  You are required by law to provide the requested insurance information pursuant to: *O.C.G.A. § 9-11-26(b)(2)*(insurance agreements relating to a defendant's insurance coverage are discoverable); *O.C.G.A. § 15-12-135 (a)*(information relevant for the qualification of potential jurors); Ford Motor Co. v. Conley, 2014 Ga. LEXIS 131 (Ga. Supreme Court, Case No. S13A1601, Feb. 24, 2014); and other applicable law.  Note also that it is improper for a defendant to fail to list the defendant's insurers under a purported excuse that defendant has sufficient resources to satisfy or cover any judgment rendered in the case. Ford Motor Co. v. Conley, supra.

7.

Please state the full legal name, title of employment, employer, and business address and telephone number of each individual or full legal name of incorporation as well as the trade name of any entity who inspected the elevators located in the Exhibition Hall at 460 4th Street, Atlanta, Georgia, 30313 from the date of their installation until January 1, 2022.

8.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents in your custody or control which contain the personnel files, including all applications for employment, documentation of credentials, including Qualified Elevator Inspector certification, documentation of continuing training, reprimands or coach, and the inspection reports, and all additional documentation compiled with said reports produced by the individuals and/or entities identified in the preceding request for the location and timeframe specified therein.

9.

Please state the full legal name, title of employment, employer, and business address and telephone number of each individual or full legal name of incorporation as well as the trade name of any entity who conducted maintenance or repairs on the elevators located in the Exhibition Hall at 460 4th Street, Atlanta, Georgia, 30313 from the date of their installation until January 1, 2022.

10.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents in your custody or control which contain the maintenance records and all additional documentation compiled with said reports produced by the individuals and/or entities identified in the preceding request for the location and timeframe specified therein.

11.

Please state the full legal name, title of employment, employer, and business address and telephone number of each individual or full legal name of incorporation as well as the trade name of any entity who inspected, repaired, and/or reported elevators located in the Exhibition Hall at 460 4th Street, Atlanta, Georgia, 30313 in response to the Incident identified in Plaintiff's Complaint that occurred on August 20, 2020.

12.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents in your custody or control demonstrating all inspections, reports, repairs, logs, and statements concerning the Incident identified in Plaintiff's Complaint that occurred in the elevator at the Exhibition Hall located at 460 4th Street, Atlanta, Georgia 30313 on August 20, 2020.

13.

Please identify all cessation orders, as defined by Ga. Comp. R. & Regs. § 120-3-25.03, you or any individual or entity whom you employ or contract with to provide services for installation, inspection, or maintenance of elevators have received from the Georgia Office of the Insurance Safety and Fire Commissioner from January 1, 2010 to January 1, 2022.

14.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents in your custody or control which contain of the

cessation orders identified in the preceding request, your response thereto, and any documentation concerning reinstatement or end of the cessation order.

15.

Please identify all citations, as defined by Ga. Comp. R. & Regs. § 120-3-25.03, you or any individual or entity whom you employ or contract with to provide services for installation, inspection, or maintenance of elevators have received from the Georgia Office of the Insurance Safety and Fire Commissioner from January 1, 2010 to January 1, 2022.

16.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents in your custody or control which contain of the cessation orders identified in the preceding request, your response thereto, and any documentation concerning reinstatement or end of the cessation order.

17.

Please identify all "personal injuries" as defined by O.C.G.A. § 8-2-106(a) and Ga. Comp. R. & Regs. § 120-3-25.03(15) connected to any elevator you or an individual in your employment or under contract installed, inspected, or maintained in the State of Georgia from January 1, 2010 to January 1, 2022.

18.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents in your custody or control which concern the personal

injuries identified in the prior request including all incident reports, correspondence, memoranda, and inspection reports regarding the same.

19.

Please identify all photographs or video in your custody or control which depicts any person, place, or thing involved in or relevant to the Incident described in Plaintiff's Complaint, identifying for each, the source of the image, how it was collected, how it was stored, and by whom it was stored.

20.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all photographs or videos identified in the preceding request.

21.

Have you conducted any surveillance of Plaintiff Jacqueline Lopez-Drewery at any point since the date of the Incident described in Plaintiff's Complaint?

22.

Forty-five (45) days after service herein or after any surveillance is conducted, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documentation, photographs, reports, and videos of the surveillance identified in the preceding paragraph.

## II. WITNESSES

23.

Please identify every person (include the person's name, home address, home phone number, and cell phone number) who to your knowledge, information or belief:

    (a) Was a witness to the Incident described in Plaintiff's Complaint, including assistance rendered to Plaintiff following the Incident, and all investigations conducted regarding the Incident described in Plaintiff's Complaint;

    (b) Was present at the scene of the Incident described in Plaintiff's Complaint when it occurred;

    (c) Arrived at the scene immediately following the Incident described in Plaintiff's Complaint;

    (d) Has knowledge of the facts and circumstances relating to the subject Incident described in Plaintiff's Complaint;

    (e) Has knowledge of the facts and circumstances surrounding Plaintiff's injuries or medical treatment.

24.

Pursuant to O.C.G.A. §9-11-26(b)(4)(A) and this request, please **identify** all *expert witness*es (persons providing, or expected to provide, *any type* of expert testimony or opinions) whom you and your counsel expect to testify in this case, or who you will otherwise rely upon for expert opinions and testimony, and, for each such person, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. **Identify** all written statements, reports or **documents** that each expert has created, originated, or authored in connection with this case, as well as **identifying** all statements, reports or **documents** that each expert has reviewed and/or relied upon in connection with this case. In addition, please

identify each expert witness you have consulted in reference to the matter in controversy and whether or not you intend to call said expert as a witness at trial. (Note that O.C.G.A. § 9-11-26(b)(4)(A) specifically requires your discovery of expert witness information).

25.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, copies of all of expert witness/expert opinion materials and tangible materials relating to this case and/or the underlying events and circumstances. This request includes all such items relating to all *expert witnesses* expected to testify in this case or otherwise expected to be called at trial, and *for each such expert*, also include the following:

(a) all written or computerized reports, expert opinions, summaries, models, notes, experiments and other tangible materials created or prepared *by* the expert in connection with this case, the underlying Incident, any claims or any other issues in related to this action.

(b) all written or computerized reports, expert opinions, summaries, models, notes, experiments and other tangible materials created or prepared *for* the expert in connection with this case, the underlying Incident, any claims or any other issues in related to this action.

(c) a complete statement of all opinions to be expressed and the basis and reasons therefore;

(d) the data or other information considered by the expert in forming the opinions;

(e) any exhibits to be used as a summary of or support for the expert opinions;

(f) the resume, curriculum vitae and qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

(g) documentation of the compensation to be paid for the study and testimony, including all agreements for such compensation;

(h) documentation of any and all compensation previously paid by you, your attorney's office or your insurer to the expert in connection with this case or the underlying Incident, as well as all bills, invoices, and requests for payment submitted by the expert; and

(i) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

26.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all written or recorded statements evidencing communications with Plaintiff or with Plaintiff's representatives. (Note that O.C.G.A. § 9-11-26(b)(3) entitles a party to obtain that party's previous statement and therefore you are not entitled to withhold from production any such statement or communication of the Plaintiff under some purported privilege).

27.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, any motor vehicle accident reports, police reports, ambulance records, or other governmental reports relating to the subject motor vehicle accident. Also include any related supplemental reports, measurements, photographs, records, letters, correspondence, memorandum, documents, or other tangible items created or maintained by any such authorities or obtained from any such authorities.

III.     **JURSIDICTIONAL DEFENSES**

28.

Have you raised an affirmative defense claiming that Plaintiff has failed to establish personal jurisdiction over you?  If so, please identify the factual basis, documents and evidence supporting your defense.

29.

Have you raised an affirmative defense claiming the venue as to you, the Defendant, is improper? If so, please identify the factual basis for your contention and identify the county in which you claim venue is proper.

30.

Have you raised the affirmative defense of insufficiency of process?  If so, please identify your residential address where you can be served personally.

IV.     **YOUR DEFENSES AND CONTENTIONS**

31.

With respect to the body parts or areas of the body that Plaintiff claims were injured as a result of the Incident described in Plaintiff's Complaint, are you contending that Plaintiff made complaints of similar pain within **three (3) years** prior to the occurrence of the Incident? If so, please identify:

(a) The areas of the body where Plaintiff complained of similar pain;

(b) The date Plaintiff made the similar complaint of pain;

(c) Whether you have records in your possession confirming that Plaintiff has made complaints of similar pain prior to the subject Incident.

32.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, any medical evidence in your possession, custody or control showing that Plaintiff made similar complaints of pain within three (3) years prior to the occurrence of the subject Incident.  This request does not ask you to collect records you have no intention of collecting. We are kindly asking you to produce any and all relevant documents or evidence that support your defense or contention that Plaintiff was making the same complaints of pain prior to the occurrence of the Incident.

33.

If you contend that the medical conditions or ailments that Plaintiff claims resulted from the Incident were pre-existing, please identify:

(a) The facts, documents or data you rely upon;

(b) The principles or methods used to discern the conditions or ailments are pre-existing;

(c) The documents, records or evidence that indicate that Plaintiff's conditions or ailments are pre-existing medical conditions;

(d) Whether an MRI study, CT scan or x-ray study pre-dating the subject Incident, and in your possession, custody or control shows that Plaintiff's injuries or ailments are pre-existing.

34.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, any documents, medical records, radiology records or evidence showing that Plaintiff's medical conditions or ailments pre-date the subject Incident.

35.

Do you dispute that you are liable or at fault for causing the subject Incident?

36.

If you contend that a non-party is liable or at fault in whole or in part for causing the subject Incident, please identify with particularity to satisfy O.C.G.A. §51-12-33:

(a) The identity of that non-party including their legal name and residential address or principal place of business;

(b) The factual basis for your contention that this non-party is liable or at fault;

(c) The date you discovered that the non-party may be at fault;

(d) All efforts you have undertaken or that were undertaken by another party to put the non-party on notice that they may be at fault, including the date of such communication, by whom it was made, to whom it was made, and the manner in which it was made;

(e) The documents, records or evidence that indicate that there is a rational basis for apportioning fault to the non-party.

37.

Do you contend that Plaintiff is comparatively negligent or comparatively at fault for causing the subject Incident? If so, please identify:

(a) What Plaintiff did to cause or contribute to the Incident;

(b) The documents or evidence that document the facts or circumstances surrounding Plaintiff's purported negligence;

(c) Any other factual basis for your contention that Plaintiff is comparatively at fault for causing the subject Incident.

38.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, any documents or evidence showing that Plaintiff was comparatively negligent or at fault for causing the subject Incident.

39.

Have you raised a defense claiming that Plaintiff's injuries were caused by some other accident or event other than the subject Incident?  If so, please identify:

   (a) The date of the event or incident;

   (b) The factual or scientific basis for your defense that the alternative event was the proximate cause of Plaintiff's injuries;

   (c) The documents or evidence in your possession, custody or control showing the facts or circumstances surrounding the alternative event or alternative incident.

40.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, any documents or evidence concerning the alternative event or incident that you claim was the proximate cause of Plaintiff's injuries.  This request includes any medical record evidence supporting your proximate cause defenses.

41.

If you have raised a defense claiming that Plaintiff's symptoms or injuries were not caused by the subject Incident, are you also contending that Plaintiff's symptoms were not aggravated or made worse by the subject Incident?

42.

Are you challenging Plaintiff's claim that her medical treatment was reasonable and necessary?  If so, please identify:

(a) The facts supporting your contention that Plaintiff's medical treatment was unreasonable and/or unnecessary to any degree;

(b) The date you contend Plaintiff's treatment *should* have ended;

(c) The scientific or medical evidence that you intend to present to the jury supporting your contention.

43.

Are you contending that the amounts billed to Plaintiff for the treatment rendered in connection with this Incident were unreasonable or excessive?  If so, please identify the medical provider, the date of service and the medical procedure you claim was unreasonably or excessively billed.

44.

With respect to the medical charges or medical bills you contend are unreasonable, do you have evidence in your possession, custody or control showing what **other** medical providers (that have not treated Plaintiff in this case) charge for similar procedures?  If so, please identify:

(a) The name and address of each medical practice you are comparing Plaintiff's treating physicians to;

(b) The procedure you contend they perform at a lower price;

(c) The medical chargemaster price for that procedure;

(d) The self-pay or "cash price" for that medical procedure;

(e) Any other facts, documents or evidence you reply upon supporting your defense/contention that the amounts billed to Plaintiff are unreasonable or excessive.

45.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, any documents or evidence supporting your contention that Plaintiff's medical charges (the amounts billed) are unreasonable, excessive or exceed the industry standard within the State of Georgia.

46.

Are you contending that Plaintiff was not injured at all as a result of the subject described in Plaintiff's Complaint or are you merely disputing the extent of the injury/injuries claimed?

V.      OTHER INFORMATION

47.

Please identify and list the name and address of every person or organization you issued a notice to produce or O.C.G.A. §9-11-34 non-party discovery request, and identify what documents were requested from that person, organization or entity. Please also list the amount you paid to obtain the documents or records.

48.

Forty-five (45) days after service herein, you are requested to produce for inspection and copying at the offices of Burrow & Associates, LLC, 2280 Satellite Boulevard, Building A, Suite 100, Duluth, Georgia 30097, all documents or records you obtained via non-party request. PLEASE NOTE, under the HITECH Act, the fee that any covered entity may impose for providing

a copy of electronic health records "shall not be greater than the entity's labor costs" in responding to the request. 42 U.S.C. § 17935(e)(2). The regulations make clear that the costs are limited to labor, the cost of supplies, and postage. See 45 C.F.R. 164.524(c)(4)(i)-(iii). Because most medical records are typically stored electronically, we are willing to pay the HiTech labor cost to you. If you wish to charge a higher copying charge, please indicate whether your records are also stored electronically and whether you would prefer that we pre-pay for and send you electronic media to save the documents to. The HiTech flat rate for electronic media is $6.50. Alternatively, we will agree to pay the actual labor cost incurred to select the PDF versions of the records and copy them to a disc or flash drive.

PLEASE NOTE, this constitutes our written request pursuant to §9-11-34 for each and every non-party request you issue in this action. We kindly ask that you supplement your responses as new requests are issued pursuant to §9-11-26.

49.

Please produce all other relevant non-privileged documents or evidence that you were not already asked to produce that supports or refutes any material claims or defenses in this action.

50.

For each request where you raised any privilege or confidentiality objection, please produce a privilege log that identifies the nature of the document withheld, the persons or parties in possession of the document(s) and the basis for your assertions of privilege. See U.S.C.R. 5.5.

51.

Please produce any other documents, material evidence or tangible things you intend to use as impeachment evidence relating to a material claim or defense. Newsome v. Penske Truck

Leasing Corp., 437 F. Supp. 2d 431, 435 (D. Md. 2006); Resurgens, P.C. v. Elliott, 301 Ga. 589,

596, 800 S.E.2d 580, 585 (2017), reconsideration denied (June 30, 2017).

Respectfully submitted by,

BURROW & ASSOCIATES, LLC


/s/ Adam H. Long
Adam H. Long
Georgia Bar No: 141213
Joshua M. Samuels
Georgia Bar No; 504086
Attorney for Plaintiff

2280 Satellite Blvd.
Bldg. A, Suite 100
Duluth, GA  30097
Phone: (678) 942-8640
Fax: (678) 745-0412

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JACQUELINE LOPEZ-DREWERY,      )
                                )
       Plaintiff,               )
                                )          CIVIL ACTION FILE
v.                              )          NO. 22-C-02155S1
                                )
OTIS ELEVATOR COMPANY,          )
JOHN DOES 1-3, ABC Corp., and   )
XYZ Corp.                       )
                                )
       Defendants.              )

## PLAINTIFFS REQUEST FOR ADMISSIONS

## TO DEFENDANT OTIS ELEVATOR COMPANY

COMES NOW, Plaintiff in the above-styled action and hereby sets forth, pursuant to O.C.G.A. § 9-11-36, these Requests for Admission to Defendant Otis Elevator Company as follows.

**DEFINITIONS:**

1. "You" or "your" refers to Defendant in this action and his or her agents.

2. "Accident" or "collision" refers to the motor vehicle collision that is the subject of this lawsuit.

3. "Document" refers to any non-privileged document, writing, evidence or other tangible thing in your possession, custody or control.

4. "Plaintiff" as stated in this document refers to Plaintiff Jacqueline Lopez-Drewery.

5. "Incident" refers to the incident in the elevator at the Exhibition Hall located at 460 4th Street, Atlanta, Georgia 30313 on or about August 20, 2020 described in Plaintiff's Complaint.

Pursuant to O.C.G.A. § 9-11-36, you are requested to admit or otherwise respond as required by law to each of the following enumerated requests:

1.       You were properly served with Plaintiff's Summons and Complaint for Damages.

2.       You have not raised jurisdictional defenses in your Answer.

3.       You have not raised an improper venue defense in your Answer.

4.       You have not raised a statute of limitations defense in your Answer.

5.       You are at fault for causing the Incident.

6.       You contend that you are not liable or at fault with respect to causing the Incident.

7.       You do not contend that Plaintiff was comparatively negligent, or comparatively at fault for causing the Incident.

8.       You do not contend that a non-party to this action is liable or at fault for causing the Incident.

9.       At the time of your response to this discovery request, you are in possession of audio or video depicting or documenting comparative negligence on the part of Plaintiff.

10.      At the time of your response to this discovery request, you are not aware of any indispensable parties to this action that have not been named as a party already.

11.      When you were served with Plaintiff's Summons and Complaint for Damages, you promptly notified your insurer and relayed the lawsuit documents to your insurer.

12.      You contend that the amounts charged to Plaintiff for his/her medical care are excessive or unreasonable.

13.      Plaintiff was injured as a result of the Incident, and you are only disputing the extent of the injury.

Respectfully submitted by,

BURROW & ASSOCIATES, LLC


_/s/ Adam H. Long_____
Adam H. Long
Georgia Bar No: 141213
Joshua M. Samuels
Georgia Bar No: 504086


2280 Satellite Blvd.
Bldg. A, Suite 100
Duluth, GA  30097
Phone: (678) 942-8640
Fax:     (678) 745-0412
Adam.Long@legalatlanta.com
Joshua.Samuels@legalatlanta.com

**General Civil and Domestic Relations Case Filing Information Form**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-02155-S1**

4/15/2022 4:11 PM
TIANA P. GARNER, CLERK

☐ Superior or ☒ State Court of  GWINNETT _____ County

| For Clerk Use Only |
|---|
| **Date Filed** _____        **Case Number** _____ |
| MM-DD-YYYY |

**Plaintiff(s)**
Lopez-Drewery, Jacqueline

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
OTIS Elevator Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Doe 1, | John | | | |
| Doe 2, | John | | | |
| Doe 3, | John | | | |

**Plaintiff's Attorney**  Adam H. Long        **Bar Number**  141213        **Self-Represented** ☐

**Check One Case Type in One Box**

| General Civil Cases |
|---|
| ☒ **Automobile Tort** |
| ☐ **Civil Appeal** |
| ☐ **Contract** |
| ☐ **Garnishment** |
| ☐ **General Tort** |
| ☐ **Habeas Corpus** |
| ☐ **Injunction/Mandamus/Other Writ** |
| ☐ **Landlord/Tenant** |
| ☐ **Medical Malpractice Tort** |
| ☐ **Product Liability Tort** |
| ☐ **Real Property** |
| ☐ **Restraining Petition** |
| ☐ **Other General Civil** |

| Domestic Relations Cases |
|---|
| ☐ **Adoption** |
| ☐ **Dissolution/Divorce/Separate Maintenance** |
| ☐ **Family Violence Petition** |
| ☐ **Paternity/Legitimation** |
| ☐ **Support – IV-D** |
| ☐ **Support – Private (non-IV-D)** |
| ☐ **Other Domestic Relations** |

| **Post-Judgment – Check One Case Type** |
|---|
| ☐ **Contempt** |
| ☐ **Non-payment of child support, medical support, or alimony** |
| ☐ **Modification** |
| ☐ **Other/Administrative** |

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                          **Case Number**

☒  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of GWINNETT_____ County

| For Clerk Use Only |
| --- |
| Date Filed _____    Case Number _____ |
| MM-DD-YYYY |

**Plaintiff(s)**
Lopez-Drewery, Jacqueline

| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
ABC Corp.,
XYZ Corp.,

| Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |     | Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |     | Last | First | Middle I. | Suffix | Prefix |

| Last | First | Middle I. | Suffix | Prefix |     | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Adam H. Long_____     **Bar Number** 141213_____     **Self-Represented** ☐

### Check One Case Type in One Box

| General Civil Cases |
| --- |
| ☒  Automobile Tort |
| ☐  Civil Appeal |
| ☐  Contract |
| ☐  Garnishment |
| ☐  General Tort |
| ☐  Habeas Corpus |
| ☐  Injunction/Mandamus/Other Writ |
| ☐  Landlord/Tenant |
| ☐  Medical Malpractice Tort |
| ☐  Product Liability Tort |
| ☐  Real Property |
| ☐  Restraining Petition |
| ☐  Other General Civil |

| Domestic Relations Cases |
| --- |
| ☐  Adoption |
| ☐  Dissolution/Divorce/Separate Maintenance |
| ☐  Family Violence Petition |
| ☐  Paternity/Legitimation |
| ☐  Support – IV-D |
| ☐  Support – Private (non-IV-D) |
| ☐  Other Domestic Relations |

| <u>Post-Judgment – Check One Case Type</u> |
| --- |
| ☐  Contempt |
| ☐  Non-payment of child support, medical support, or alimony |
| ☐  Modification |
| ☐  Other/Administrative |

☐  Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**                              **Case Number**

☒  I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐  Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐  Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18